UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Dongguan Jiashi Display Products Co., Ltd., and Hangzhou Jupai Network Technology Co., Ltd.<br><br>*Plaintiffs*,<br><br>v.<br><br>Shaopeng Guo,<br><br>*Defendant*. | **CASE NO.** 1:24-cv-12342<br><br>**Jury Demand** |

**COMPLAINT**

This is an action brought under the Declaratory Judgment Act by Plaintiffs Dongguan Jiashi Display Products Co., Ltd., d/b/a "Haturi Selected" ("Haturi") and Hangzhou Jupai Network Technology Co., Ltd., d/b/a "JUPAI-A Selected" ("JUPAI-A" or collectively with Haturi as "Plaintiffs"), against Defendant Shaopeng Guo ("Defendant"), claim for patent non-infringement of certain Vacuum Stand Products, and invalidity against U.S. Patent No. D1,021,487 ("'487 Patent"). Upon actual knowledge with respect to itself and its acts, and upon information and belief as to all other matters, Plaintiffs alleges as follows:

**NATURE OF THE ACTION**

1. This court has original jurisdiction over the subject matter of this action pursuant to the Patent Act, 35 U.S.C.§§ 101, 102, 103 et seq., pursuant to 28 U.S.C.§§ 1331, 1332(a) and (c), 1338(a). Defendant's actions have caused and continues to cause significant harm to Plaintiffs as the Vacuum Stand Products have been removed from Amazon through the enforcement of the '487 Patent.

1

2. This is an action under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, seeking a declaratory judgment that Plaintiffs has not infringed the '487 Patent and the '487 Patent is invalid and unenforceable.

## PARTIES

3. Plaintiff **Haturi** is a foreign company organized under the laws of the People's Republic of China, located at No. 1930, Jianghui Road, Changhe Street, Binjiang District, Hangzhou City, Zhejiang Province, China. Haturi sells Vacuum Stand Products on Amazon under the name "Haturi Selected."

4. Plaintiff JUPAI-A is a foreign company organized under the laws of the People's Republic of China, located at No. 7, North Fifth Road, Chikan Industrial Zone, Shipai Town, Dongguan City, Guangdong Province, China. JUPAI-A sells Vacuum Stand Products on Amazon under the name "JUPAI-A Selected."

5. Upon information and belief, Defendant is a Chinese individual resides in Henan, China. Upon information and belief, Defendant is the Applicant and Inventor of the '487 Patent. A true and correct copy of the '487 Patent is attached hereto as Exhibit A.

6. Defendant also sells and/or offer to sell the Vacuum Stand Products toward consumers in the United States, including Illinois, through the fully interactive, e-commerce Amazon store, named "OUTBROS-US."

7. Defendant is the owner and operator of the "OUTBROS-US" Amazon store.

## JURISDICTION AND VENUE

8. This Court has subject matter jurisdiction under 28 U.S.C. §§ 2201, 2202, 1331, 1338(a), because this action arises under the laws of the United States, in particular the Patent Act of the United States, 35 U.S.C. § 100 et seq.

9. An actual case or controversy exists between the parties to this action. Defendant filed the patent infringement complaint to Amazon which resulted in the removal of Plaintiff's products on Amazon and caused significant financial loss. Defendant's actions thereby give rise to an actual controversy under 28 U.S.C. §§ 2201 et. seq.

10. Venue is proper in this Court pursuant to 28 U.S.C.§ 1391, and this Court may properly exercise personal jurisdiction over Defendant since the Defendant directly targets business activities toward consumers in the United States, including Illinois, through at least the fully interactive, e-commerce Amazon store. Specifically, Defendant has targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller account, offers shipping to the United States, including Illinois, accepts payment in U.S. dollar and, on information and belief, has sold products to residents of Illinois.

### THE PLAINTIFFS' VACUUM STAND PRODUCTS

11. Plaintiffs sells many kinds of household products on Amazon.com, including Vacuum Stand Products. Plaintiffs' Vacuum Stand Products are well-established at Amazon and enjoy quality customer reviews.

12. On November 6, 2024, Haturi received a notification from Amazon. *See* Exhibit B. This notice informed Haturi that Amazon removed its listings, ASIN Nos. B0D8HLHN8B and B0CQYJ3XTJ, because of Defendant's alleged infringement of the '487 Patent. Amazon also provided the Rights owner's name as Haoyi Chen without any other information. *Id*. On the same day, Haturi's Vacuum Stand Products (ASIN Nos. B0D8HLHN8B and B0CQYJ3XTJ) were removed by Amazon because of Defendant's infringement complaint.

13. On November 6, 2024, JUPAI-A received a notification from Amazon. *See* Exhibit C. This notice informed JUPAI-A that Amazon removed its listing, ASIN No. B0D2CZTTF9,

because of Defendant's alleged infringement of the '487 Patent. Amazon also provided the Rights owner's name as Haoyi Chen without any other information. *Id*. On the same day, JUPAI-A's Vacuum Stand Products (ASIN No. B0D2CZTTF9) was removed by Amazon because of Defendant's infringement complaint.

14. The Amazon marketplace constitutes Plaintiffs' primary sales channel into the United States. To remain competitive in the United States market for Vacuum Stand Products, Plaintiffs need their products listed in the Amazon marketplace. Amazon has removed Plaintiffs' Vacuum Stand Products from the marketplace, preventing Plaintiffs from accessing their largest channel of trade because of Defendant' infringement reports. Thus, Defendant's submission of Amazon infringement reports has caused and continues to cause immediate and irreparable harm to Plaintiffs.

## DEFENDANT AND THE '487 PATENT

15. The face of the '487 Patent lists Defendant as the applicant and inventor of patent. *See* Exhibit A. The perspective view of the '487 Patent is shown as below:



FIG.1

16. The '487 Patent is entitled "Vacuum Cleaner Stand" and was filed on December 11, 2023, and issued on April 9, 2024.

4

17. Defendant is the owner of the trademark "OUTBROS" and Amazon store OUTBROS-US.

18. Upon information and belief, Defendant also started selling the Vacuum Stand Products on Amazon recently. A true and correct copy of Defendant's Amazon store is attached as Exhibit D.

19. Thus, Defendant started the shady business by using Amazon's intellectual property protection system as a tool to harm legitimate sellers like the Plaintiffs, steal the seller's market, and eliminate fair competition.

20. However, the claimed design of the '487 Patent was already patented, in public use, on sale or otherwise available to the public years before the '487 Patent's filing date.

21. Defendant's frivolous infringement reports to Amazon against Plaintiffs have caused and continues to cause significant damages to Plaintiffs' business, especially in this peak season, and there is an imminent threat that the Plaintiffs' Amazon selling accounts could be deactivated at any time.

22. As one of the world's largest online retailer, Amazon plays a crucial role in facilitating small business operations, making it important to address the Defendant's exploitative behavior. Defendant's ongoing inequitable conduct should be restrained to prevent further irreparable harm to Plaintiffs.

## COUNT I
### (Declaration Judgment of Invalidity of U.S. Patent, No. D1,021,487)

23. Plaintiffs incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

24. This claim arises under the patent laws of the United States, Title 35 United States Code, and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, et seq.

25.     There exists an actual and justiciable controversy between Plaintiffs and Defendant with respect to the alleged validity of the '487 Patent due to the assertion of the '487 Patent against the Plaintiff's Vacuum Stand Products.

26.     Several prior arts have disclosed all the claimed design of the '487 Patent.

27.     The CN Patent No. 219720565 entitled "Support and Support System," was filed on May 24, 2023 and issued on September 22, 2023. A copy of the CN Patent No. 219720565 with translation version is attached as Exhibit E. The CN Patent No. 219720565 discloses identical or at least substantially similar design to the claimed design of the '487 Patent as shown below.

| The '487 Patent | The CN Patent No. 219720565 |
|---|---|
| FIG.1 | 图2 |



28.  The CN Patent No. 308269461 entitled "Vacuum cleaner storage rack," was filed on May 24, 2023 and issued on October 17, 2023. A copy of the CN Patent No. 308269461 with translation version is attached as Exhibit F. The CN Patent No. 308269461 discloses identical or at least substantially similar design to the claimed design of the '487 Patent as shown below.

| The '487 Patent | The CN Patent No. 308269461 |
| --- | --- |
|  |  |



FIG.1  立体图  FIG.4  左视图



29. The CN Patent No. 305292065 entitled "Cordless vacuum cleaner storage rack," was filed on January 10, 2019 and issued on August 6, 2019. A copy of the CN Patent No. 305292065 with translation version is attached as Exhibit G. The CN Patent No. 305292065 discloses identical or at least substantially similar design to the claimed design of the '487 Patent.

30. Moreover, the identical Vacuum Stand Products have been on sale on Amazon as early as 2021.

31. The PureMounts branded Vacuum Stand Products which identified by Amazon using ASIN as B08G4ZX43R was available on Amazon at least since November 21, 2021[1]. It is over 2 years before the filing date of the '487 Patent.

---

[1] The Amazon link is available in https://www.amazon.com/PureMounts-PM-VAC-00-Supporto-aspirapolvere-Aluminum/dp/B08G4ZX43R/ref=cm_cr_arp_d_product_top?ie=UTF8&th=1 (Last viewed date: December 1, 2024); a true and correct copy of the website is attached hereto as Exhibit H.

32. The Screenshots of the reviews of the PureMounts branded Vacuum Stand Products dated on January 13, 2022, clearly shows the product is identical or at least substantially similar to the claimed design of the '487 Patent.



33. The Foho branded Vacuum Stand Products which identified by Amazon using ASIN as B0CH5C1P8D was available on Amazon at least since October 4, 2023[2], which is also before the filing date of the '487 Patent.

34. The Screenshots of the reviews of the Foho branded Vacuum Stand Products dated on October 11, 2023, clearly shows the product is identical or at least substantially similar to the claimed design of the '487 Patent.

---

[2] The Amazon link is available in https://www.amazon.com/Foho-Compatible-Aluminum-Handheld-Cordless/dp/B0CH5C1P8D/ref=cm_cr_arp_d_product_top?ie=UTF8 (Last viewed date: December 1, 2024); a true and correct copy of the website is attached hereto as Exhibit I.



35. The MOOPHY branded Vacuum Stand Products which identified by Amazon using ASIN as B0CKF2V985 was available on Amazon at least since December 8, 2023[3], which is also before before the filing date of the '487 Patent.

36. The Screenshots of the reviews of the MOOPHY branded Vacuum Stand Products dated in December 2023, clearly show the product is identical or at least substantially similar to the claimed design of the '487 Patent.



---

[3] The Amazon link is available in https://www.amazon.com/MOOPHY-Compatible-Handheld-Cordless-Cleaners/dp/B0CKF2V985/ref=cm_cr_arp_d_product_top?ie=UTF8 (Last viewed date: December 1, 2024); a true and correct copy of the website is attached hereto as Exhibit J.

11



37. As shown above, the design of the '487 Patent is identical or at least substantially similar to the prior arts disclosed in 2019 and 2023, and the Vacuum Stand Products that were sold on Amazon as early as 2021.

38. Therefore, the '487 Patent is invalid under 35 U.S.C.A. §§ 102 and 103.

39. Defendant's baseless infringement reports to the Amazon platform against Plaintiffs have caused imminent and real threat of an infringement lawsuit.

40. In the view of the foregoing, Plaintiffs is entitled to a judgment declaring that the '487 Patent is invalid and unenforceable under at least 35 U.S.C. §§ 102 and 103.

**COUNT II**
**(Declaration Judgment of Unenforceability of U.S. Patent, No. D1,021,487)**

41. Plaintiffs incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

42. As described previously, Defendant alleges that Plaintiff's Vacuum Stand Products infringes the '487 Patent.

43. The circumstances show that there is an actual, present, substantial, and justiciable controversy between Plaintiffs and Defendant, which have adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

44. As shown above, the claimed design of the '487 Patent was disclosed by several patented prior arts and sold on the Amazon before the filing date of the '487 Patent.

45. Defendant was aware of the prior arts before filing the application for the '487 Patent. However, Defendant withhold the material information and prior arts during the course of the prosecution of a patent application. If Defendant disclosed this information to the PTO would not have granted the application. Therefore, the '487 Patent is unenforceable for inequitable conduct for failing to disclose material information.

46. To resolve the legal and factual questions raised by Defendant and to afford relief from the uncertainty and controversy that Defendant's allegations have created, Plaintiffs is entitled to a declaratory judgment that the '487 Patent is unenforceable.

### COUNT III
**(Declaration Judgment of Non-infringement of U.S. Patent, No. D1,021,487)**

47. Plaintiffs incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

48. There exists an actual and justiciable controversy between Plaintiffs and Defendant with respect to the alleged infringement of the '487 Patent against the Plaintiff's Vacuum Stand Products.

49. Plaintiffs' Vacuum Stand Products do not infringe the '487 Patent since an "ordinary observer", familiar with the prior arts, would not be confused so as to purchase one thinking it to be the other. In the view of the prior arts, there are multiple differences between the claimed design of the '487 Patent and Plaintiffs' Vacuum Stand Products.





50. Pursuant to the Declaratory Judgment Act, Plaintiffs request a judicial determination and declaration that Plaintiffs' Vacuum Stand Products do not infringe the '487 Patent.

///

///

## COUNT IV
### (Unfair Competition)

51. Plaintiffs incorporate by reference the allegations set forth above in this Complaint as if fully set forth herein.

52. Defendant's unlawful acts as set forth above constitute violations of the common law of the State of Illinois with respect to unfair competition.

53. As set forth above, Defendant obtained the '487 Patent fraudulently, through knowingly and willfully inequitable conduct by failing to disclose the material information and prior arts during the course of the prosecution of a patent application.

54. After the issuance of the '487 Patent, Defendant started the shady business by using Amazon's intellectual property protection system as a tool to harm legitimate sellers like the Plaintiffs, steal the seller's market, and eliminate fair competition.

55. Plaintiffs have caused and continues to cause significant damages to Plaintiffs' business, especially in this peak season, and there is an imminent threat that the Plaintiffs' Amazon selling accounts could be deactivated at any time.

56. Defendant's acts as set forth above were willful, deliberate, and intentional and were intended to damage Plaintiffs and their business and to stifle competition.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendant as follows:

1. For judgment in favor of Plaintiffs against Defendant on all claims.

2. Declaring that Defendant's D1,021,487 Patent registration is invalid.

3. Declaring that Defendant's D1,021,487 Patent registration is unenforceable.

4. Declaring that Plaintiffs' Vacuum Stand Products do not infringe the D1,021,487 Patent.

5. Judgment that this case is exceptional and that the Defendant be ordered to pay all Plaintiffs' costs and attorneys' fees associated with this action pursuant to 35 U.S.C. § 285.

6. Order that Defendant must immediately revoke any complaints of infringement of the D1,021,487 Patent made to Amazon against Plaintiffs' Vacuum Stand Products.

7. Enjoining Defendant temporarily, preliminarily, and permanently from making any future complaint regarding the D1,021,487 Patent against Plaintiffs' Vacuum Stand Products.

8. Ordering Defendant to return to the Court with proof of compliance of this Order within seven (7) days of entry thereof, with a copy served on Plaintiffs' attorney.

9. Awarding Plaintiffs damages due to Defendant's improper acts, doubled and/or trebled due to the willful and exceptional nature of the case.

10. Awarding Plaintiffs compensatory, general and special, consequential and incidental damages in an amount to be determined at trial.

11. Awarding Plaintiffs exemplary, punitive, statutory, and enhanced damages.

12. Awarding pre- and post- judgment interest.

13. Awarding Plaintiffs such other and further relief as this Court deems is just and proper.

**Jury Trial Demand**

Plaintiffs hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: December 1, 2024 | /s/ Wei Wang <br> Wei Wang, Esq. <br> GLACIER LAW LLP <br> 41 Madison Avenue, Suite 2529 <br> New York, NY 10010 <br> wei.wang@glacier.law <br> 332-777-7315 <br> ***Attorney for Plaintiffs*** |