UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| DONGGUAN JIASHI DISPLAY PRODUCTS CO. LTD., et al., | CASE NO. C25-0196JLR |
| Plaintiffs, | ORDER |
| v. | |
| SHAOPENG GUO, | |
| Defendant. | |

## I.   INTRODUCTION

Before the court is Plaintiffs Dongguan Jiashi Display Products Co. Ltd. and Hangzhou Jupai Network Technology Co. Ltd.'s (together, "Plaintiffs") *ex parte* motion to authorize alternative service via email on Defendant Shaopeng Guo ("Defendant"). (Mot. (Dkt. # 46).)  The court has reviewed the motion, the relevant portions of the record, and the governing law.  Being fully advised, the court GRANTS Plaintiffs' motion for alternative service.

ORDER - 1

## II.     BACKGROUND

1

2    Plaintiffs are foreign companies organized under the laws of China that sell certain

3    household products on Amazon.com, including "Vacuum Stand Products."  (Compl.

4    (Dkt. # 1) ¶¶ 3-4.)  Plaintiffs allege that Defendant is an individual residing in China and

5    the applicant and inventor of U.S. Patent No. D1,021,487 ("'487 Patent").  (*Id.* at 1; *id.*

6    ¶ 5.)  Defendant allegedly sells Plaintiffs' Vacuum Stand Products in the United through

7    an "e-commerce Amazon store, named OUTBROS-US."  (*Id.* ¶¶ 6-7.)

8    Plaintiffs contend that in or around November 2024, Defendant filed a complaint

9    with Amazon asserting that Plaintiffs' Vacuum Stand Products infringed the '487 Patent

10    and caused Plaintiffs' product listings to be removed from Amazon.  (*See id.* ¶¶ 11-13.)

11    Plaintiffs submitted an inquiry with Amazon seeking to have their products relisted, but

12    were informed that they needed to submit either a court order authorizing them to sell

13    their products or a non-infringement statement, or to contact the "Rights Owner" directly

14    and ask them to withdraw the infringement complaint.  (*See* Letter (Dkt. # 9-1) at 5

15    ("Amazon Letter").)  The Amazon Letter disclosed that the email address of the "Rights

16    Owner" was haoyichen@archlakelaw.com.

17    Plaintiffs commenced this action on December 1, 2024 in the United States

18    District Court for the Northern District of Illinois.  (*See* Compl.)  Plaintiffs allege that

19    "the claimed design of the '487 Patent" was already patented and available to the public

20    years before the '487 Patent's filing date, and that Defendant is "using Amazon's

21    intellectual property protection system as a tool to harm legitimate sellers like the

22    Plaintiffs, steal [their] market, and eliminate unfair competition."  (*Id.* ¶¶ 19-20.)

1    Plaintiffs seek a declaratory judgment that the '487 Patent is invalid, unenforceable, and

2    has not been infringed by Plaintiffs Vacuum Stand Products.  (*Id.* ¶¶ 23-50.)  Plaintiffs

3    also allege that Defendant has engaged in unfair competition.  (*Id.* ¶¶ 51-56.)

4         On December 6, 2024, Plaintiffs moved for a temporary restraining order ("TRO")

5    requiring Defendant to withdraw its Amazon patent infringement complaint and

6    prohibiting Defendant from making any additional patent infringement allegations

7    against Plaintiffs.  (TRO Mot. (Dkt. # 6).)  Plaintiffs also moved for an order authorizing

8    service of Defendant by email at haoyichen@archlakelaw.com.  (*See* 1st Service Mot.

9    (Dkt. # 8); Service Memo. (Dkt. # 9).)  On December 12, 2024, the Honorable LaShonda

10   A. Hunt of the United States District Court for the Northern District of Illinois authorized

11   Plaintiffs to serve the TRO motion on Defendant by email, but reserved ruling on the

12   motion to serve process on Defendant by email.  (*See* Dkt. Entry (Dkt. # 14).)  Plaintiffs

13   served the TRO motion on Defendant by email at the identified email address.  (Mot. at

14   4.)  Counsel for Defendant subsequently appeared in the case.  (App. (Dkt. ## 18, 22).)

15        On December 19, 2024, Defendant objected to Plaintiffs' TRO motion.  (Obj.

16   (Dkt. # 23).)  As relevant here, Defendant argued that the Northern District of Illinois

17   lacked personal jurisdiction over Defendant, but that Defendant would "consent[] to the

18   jurisdiction of the Western District of Washington."  (*See id.* at 3.)  In or around

19   December 2024, Plaintiffs' Vacuum Stand Product listings were reinstated by Amazon,

20   and Plaintiffs withdrew their TRO motion.  (MTW (Dkt. # 25); *see* 1/2/25 Min. Entry

21   (Dkt. # 30) (granting withdrawal motion but denying Plaintiffs' motion to serve process

22   on Defendant by email).)  Plaintiffs represent, however, that "Defendant's infringement

1  complaint against Plaintiff[s] has not been withdrawn," and "Defendant intends to

2  continue taking actions to enforce its patent." (Status Report (Dkt. # 32) at 2; *see also*

3  Email (Dkt. # 32-1) at 2 (Defendant's counsel stating "our client will take the necessary

4  actions to continue enforcing their patent rights").)

5      On January 23, 2025, Plaintiffs moved to transfer the case to this District.

6  (Transfer Mot. (Dkt. # 34); Transfer Memo. (Dkt. # 35); *see also* Min. Entry (Dkt. # 37)

7  (stating that the transfer motion was unopposed).) The case was transferred to this

8  District on January 27, 2025. (Transfer Letter (Dkt. # 38).) To date, Plaintiffs still have

9  not served Defendant with the summons and complaint. (*See generally* Dkt.; *see also*

10 1/10/25 Min. Entry (Dkt. # 31) (noting Defendant appeared "for the limited purpose of

11 objecting to personal jurisdiction").) Plaintiffs' attorney represents that Defendant's

12 counsel has refused to accept service of process on behalf of Defendant. (Wang Decl.

13 (Dkt. # 47) ¶¶ 4-5.) Plaintiffs have not located a physical address for Defendant, but

14 believe that Defendant has been receiving Plaintiffs' email communications at the

15 aforementioned email address. (Mot. at 2-3; *see also* Wang Decl. ("Defendant received

16 my email and had actual notice of this litigation").) Plaintiffs now seek leave to serve

17 Defendant by email at haoyichen@archlakelaw.com.

                                III.    ANALYSIS

19      Federal Rule of Civil Procedure 4(f) governs service of process on individuals in

20 foreign countries. Fed. R. Civ. P. 4(f). Plaintiffs ask the court to authorize service under

21 Rule 4(f)(3), which allows service of process "by other means not prohibited by

22 international agreement, as the court orders." (Mot. at 2-3.) Service under Rule 4(f)(3) is

1   neither a 'last resort' nor 'extraordinary relief[;]'" rather, "[i]t is merely one means

2   among several which enables service of process on an international defendant."  *Rio*

3   *Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002) (quoting *Forum*

4   *Fin. Grp., LLC v. President & Fellows of Harvard Coll.*, 199 F.R.D. 22, 23 (D. Me.

5   2001)).  "[A] method of service of process must also comport with constitutional notions

6   of due process."  *Id.* at 1016.  That is, it "must be 'reasonably calculated, under all the

7   circumstances, to apprise interested parties of the pendency of the action and afford them

8   an opportunity to present their objections.'"  *Id.* at 1016-17 (quoting *Mullane v. Cent.*

9   *Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950)).  The court concludes that Plaintiffs'

10   proposed method of service comports with the requisite Federal Rules and constitutional

11   notions of due process.

12       First, service of process by email to a defendant in China is allowed under Rule

13   4(f)(3) because service by email is not prohibited by the Hague Convention or by any

14   other international agreement.  *See Akerson Enters. LLC v. Shenzhen Conglin E-Com.*

15   *Co.*, No. C24-0506JNW, 2024 WL 3510934, at *3 (W.D. Wash. July 23, 2024)

16   (compiling cases so finding); *see also* Hague Convention, art. 2 (providing that the Hague

17   Convention "shall not apply where the address of the person to be served with the

18   document is not known"); *Amazon.com v. Abeytube*, No. C22-1019RSL-MLP, 2023 WL

19   8355792, at *1 (W.D. Wash. Dec. 1, 2023) ("whether or not the Hague Convention

20   applies, this Court and others have concluded that email service on individuals located in

21   China is not prohibited by it or any other international agreement").  The court

22   accordingly concludes that service by email comports with Rule 4(f).

1  Second, service of process by email on Defendant comports with due process

2  because Plaintiffs were previously able to reach Defendant's counsel at the identified

3  email address.  (Mot. at 4; Wang Decl. ¶¶ 4-5); *see TV Ears, Inc. v. Joyshiya Dev. Ltd.*,

4  No. 3:20-cv-01708-WQH-BGS, 2021 WL 165013, at *2, *4 (S.D. Cal. Jan. 19, 2021)

5  (authorizing email service of process where Plaintiff received "affirmative responses"

6  from identified email addresses); *cf. Amazon.com, Inc. v. KexleWaterFilters*, No.

7  C22-1120JLR, 2023 WL 3902694, at *2 (W.D. Wash. May 31, 2023) (granting leave to

8  serve defendants by email where plaintiffs "received no error notices or bounce-back

9  messages" after sending test messages to defendants' email addresses).

10  In sum, the court grants Plaintiffs' motion for alternative service by email because

11  Plaintiffs have shown that service by email on Defendant in China is permitted under

12  Rule 4(f)(3) and comports with due process.

13  ### IV.   CONCLUSION

14  For the foregoing reasons, the court GRANTS Plaintiffs' *ex parte* motion for

15  alternative service (Dkt. # 46).  Specifically:

16  (1)   The court authorizes Plaintiffs to serve Defendant by email at

17  haoyichen@archlakelaw.com; and

18  (2)   Plaintiff shall file a status report regarding its efforts to serve Defendant by

19  **April 21, 2025**.

20  Dated this 24th day of March, 2025.

21

22  JAMES L. ROBART
   United States District Judge

ORDER - 6